Next case in our call is agenda number two, case number 108253, People of the State of Illinois v. James T. Johnson. The case that's taken under advisement is agenda number two. Counsel may approach the bench. Charles Redfern Good morning, Your Honors, and may it please the Court, I'm Charles Redfern from the Office of the Illinois Attorney General here today on behalf of the people of the State of Illinois. We ask the Court to reverse the judgment of the Third District and reinstate the defendant's conviction in this case. Your Honors, the trial court answered the question correct in terms of the substantive answer. Continue deliberating is the proper answer to a jury question of we are 11 to 1, please advise. Although the court gave an ex parte communication to the jury, that is the correct substantive answer of continue deliberating. Because that is the proper answer, the result is that the defendant cannot demonstrate prejudice under the plain error test. And consequently, the defendant received a fair trial in this case. And as such, his conviction should be affirmed. Today I'd like to address two points. The first is that this is a plain error case. And second, going through the elements that the defendant cannot demonstrate plain error. First, the plain error standard. This Court previously has instructed in a supervisory decision that this case should be analyzed under a plain error standard. The Third District had first analyzed it under harmless error. Yet this Court and the supervisory order said that it should be done under plain error, and that is correct. McLaurin, People v. McLaurin, addresses this point. The defendant is required under the traditional rule to bring a contemporaneous objection and a timely post-trial motion. And the defendant had the opportunity to bring a contemporaneous objection and timely post-trial motion in this case. He was informed of the ex parte communication when the jury came back and gave the verdict, and then the judge immediately informed the defendant and his counsel of the ex parte communication. At that time, the defendant could have objected. Instead, his counsel said, okay. He said simply, okay. That's a record at 198. And then he did bring a timely post-trial motion. That timely post-trial motion did not raise the ex parte communication issue. Instead, it brought other issues, including challenging the introduction of the fact that the victim was pregnant and whether that was inappropriate to bring up. So the defendant had the opportunity to bring a timely objection and contemporaneous post-trial motion, excuse me, contemporaneous objection and timely post-trial motion, and did not. And this Court's decision in People v. McLaurin, again from December 2009, specifically addressed the same issue where the Court applied a plain error test. Now, the defendant says that he did not have the ability to bring a timely objection, but that is incorrect. In the Childs line of cases, Childs, McDonald, as well as Kleiner, the Court says as long as the objection is brought in the trial court at the first opportunity. The defendant says, but I needed to bring the objection before the jury was instructed ex parte. But that is incorrect. The point is not just to avoid an error, but also to correct any error in the trial court, as well as developing any record, if possible. So if he believed that he had a proper objection where he could have obtained a reversalist conviction, he could have and should have brought that in the trial court. Finally, the defendant invokes People v. Sprinkle. Sprinkle was rejected in McLaurin. Sprinkle is inappropriate in this type of case. Sprinkle, the concern is that the trial court, it would be impossible to bring an objection because the jury is present and to bring the objection would in essence raise the ire of the trial court to the point that defense counsel would endanger his client's standing, the defendant's standing in front of the jury. Here the jury had been discharged before the trial court had been informed of the or informed the defendant of the ex parte communication. So there's no concern about embarrassment in front of the jury. And furthermore, this is not a circumstance where he could not bring this type of ex parte, excuse me, this objection. So again, because the jury was not there, and this is not a circumstance where the trial court gave any indication that he was not amenable to hearing the objection. The simple point was that the ex parte communication occurred, and it occurred before the defendant was informed, but the defendant had the opportunity to bring that objection. So this is a proper plain error case. The defendant's arguments that we should be proceeding under harmless error should be rejected. And as a side note, ultimately the core of the case, substantively, is that continued deliberating is the appropriate answer to the jury question of we are 11 to 1, please advise. And when the court gives the correct substantive answer, which was in his discretion, the end result is that the defendant cannot demonstrate that he was harmed in any way. It is important to distinguish between plain error and harmless error. That is why I took, you know, we make the effort to specifically argue that this is a plain error case. However, either route that you go, whether harmless error or plain error, the ultimate result is that the defendant should lose this case. And the reason is because continued deliberating is the right answer. However, it is important to make sure which analytical box we're in, if you allow me to use that term, because there is a different standard on a harmless versus plain error. Are you contending that because the response was proper, the instruction that was given, there was no error here? Or are you conceding that there was error and then making your argument under the plain error analysis? It was error to proceed ex parte. However, substantively, the answer was correct. And so to the extent that the court analyzes and says it's error ex parte to communicate on that procedural component, then we would be under the first, the prong one or prong two. However, if the court says no, the error analysis should stop with the fact that it was a correct substantive answer, then Your Honor could say it was not error in terms of substance. I understand there are these two parts, the procedural part and the substantive part. McLaurin, people who have seen McLaurin seem to suggest that this was not, did the analysis only under the error component, saying there was no, quote, unquote, error because the answer was substantively correct. We recognize that it is inappropriate for a judge to communicate ex parte with a jury. The judge should, in trial court, in the instruction for trial court judges, circuit judges, is to bring the defendant and his counsel back and to allow the input and to give the instruction in open court. That is what Childs and those line of cases say. In McLaurin, were both the attorney and the defendant absent? In McLaurin, the attorney was present. The defendant was absent. Did they distinguish this case? That does not distinguish this case, Your Honor. Despite defendant's arguments, the defendant is incorrect. He tries to distinguish on that ground. McLaurin cites two Childs. Childs, both defendant and defense counsel were absent. In McDonald, it was the absence of defendant where the defendant was representing himself and only stand by counsel. Your Honor, the standard is identical whether it is simply the defendant or defendant and defense counsel. Ultimately, you look to determine whether the answer is substantively correct. Counsel, if I may, tell me where I'm wrong in this analysis. I'm going to give you the analysis as I understand it. Okay. Under Herron, prejudice is presumed if the defendant can establish that a trial error was so serious it denied him a fair trial. You don't agree that's here? That's prong two, yes. That's a correct statement of prong two. Here the appellate court correctly held that the jury deliberations are a critical stage in which the defendant must be present. Is that correct? It is actually not a – there's language from this court's statements that it's critical, and I don't want to jump too far ahead, but we would not say that that's a prong two prejudice. That's – our dispute with the appellate court is that saying that the defendant was denied the opportunity to be part of the jury, the answering of the jury question, would not satisfy a prong two. Well, let me ask you this then. There was a due process violation here, wasn't there? The ex parte communication. There is an ex parte communication violation here. The Illinois cases, Childs and McDonald – the Childs line cases do not specifically call that a due process violation. McLaurin speaks to this in terms of the fact that the 14th Amendment – there is a 14th Amendment right implicated here, so when your Honor says due process, to the fact of the defendant should be present with the communication with the jury. Well, an argument can be made that the due process violation is the denial of his counsel at a critical stage in the proceedings. That's the argument that's raised here. Now, you get to the question of whether this is a critical – Why isn't that true? You get to the question of whether this is a critical stage, but to get back to the point of, Your Honors, we would not say that this is a prong two error, and the reason is that as a prong two error, it must be an error which is so egregious that it undermines the integrity of – the fairness of the trial or the integrity of the judicial proceedings to the point that the trial, regardless of the defendant's guilt or innocence, must be thrown out. And we know in this line of cases that continued deliberating is the correct answer, and as such, the defendant cannot demonstrate that he was, quote, unquote, prejudiced. Now, you put it within the vocabulary of plain error. Maybe if I can illustrate it this way, Your Honor, Chief Justice Gerald, to illustrate the point. If this was – this is a plain error case, but if this had been a harmless error case where the defendant preserves the objection, then we go, the burden would be on the State to prove that the error was harmless beyond a reasonable doubt, and we know that saying continued deliberating means that it's harmless beyond a reasonable doubt. The defendant could not win under a harmless error standard here. Harmless error, we know, is a burden that is more difficult on the State. The burden is on the State. In plain error, the burden is on the defendant. So if he can't win under harmless error, how can he win under plain error? How can we say that this is an error that is so egregious, that a violation is so great that the trial itself must be thrown out when we know in a harmless error situation, the defendant could not win here because under the child's line of cases, with the burden on the State, the determination would be that it is harmless beyond a reasonable doubt when you say continue deliberating in response to the jury question. Ms. Redinfer? Yes, Your Honor. It seems to me that these rules and in these cases, there's a conflict. And how should they be reconciled? Because under Herron, the prejudice is presumed and the proper analysis is to employ in determining whether next party communication requires reversal, the injury must be proven under the child's line of cases. I mean, it just seems like there's a conflict for the same error. I think to go through, Your Honor, there's a couple points that I'd like to make. The first is that the reason there seems to be a conflict here is the problem of the third district's analysis and where the third district erred, creating what seems to be a conflict, is the fact that they saw a constitutional error. They saw the ex parte communication and said, oh, there's ex parte communication, therefore we're going to presume prejudice. They took the language out of prong two of Herron that says affecting the integrity of the judicial proceedings. The problem is that the existence of a constitutional error by itself is not per se prong two error. And so the fact that there was a constitutional, there was a violation of some sort, there was an ex parte communication, does not mean by definition that it's prong two. Because if that was the case, if it was simply that any constitutional or other error is per se prejudicial, then we would never have any type of appellate review. And that's what they did. They said we see an error, we're going to presume that that error is prejudicial. What they should have done is they should have gone through the analysis and said, is this error so great? Is the error in essence one that affects the structure of the trial or the integrity of the trial to the point that we must, pardon the phrase, throw the baby out with the bathwater? Where the case is such that we cannot stand, regardless of guilt or innocence, this case. Now, that is why it's not prong two in this case. And we say it's not prong two because we know that this type of error, we know that the defendant was not prejudiced when you give the appropriate answer. What is an example of prong two? Prong two, for example, most recently the case of People v. Lewis, where the judge did a street value fine where there was no evidentiary basis and the court determined that it was an arbitrary determination. It was a determination that was not based on any judicial determination. People v. Blue is another case where the court said that the prosecutorial misconduct in the closing statements were so great that the court said we no longer had a case as a whole. Heron also, in essence, analogizes and says errors that were akin to structural errors, errors where you no longer have the presence of counsel or an unbiased judicial decision maker would be type two as well. The point is that type two errors are very narrow. Type two errors are errors that are so, it's a small class of errors, errors where the trial fails to occur, in essence. And here what the third district did improperly is say we see a constitutional error and per se that must be a type two error. And we know this is not an error which undoes the fairness of the trial because we know that from the child's line of cases as well as McLaurin, that if the judge gives the correct substantive answer, continue deliberating, the defendant has in essence received what he was due, a properly instructed jury that got the right answer. Was the fact that known to the defendant or his counsel that the judge had gone ahead and had this ex parte communication, did they know that before post-trial motions were presented? Yes, they knew it before post-trial motions. Did they include that in post-trial motions? No, they did not. Is it waived? They forfeited, so that's why it's under, it's a procedural default. It's forfeited. That's why we're proceeding under plenaire, under Heron. As I mentioned in this, we've been saying here, the key point is continue deliberating is the correct answer to this case. And then because continue deliberating is the correct answer, and I know we put prong two first, I just want to circle back around to prong one if I may for a moment. He also, this is not, this cannot be prong two as the discussion here with Justice Berk a moment ago, because we know that this is not the type of error where the mere existence of the ex parte communication requires automatic reversal. And to follow up and finish, Justice Berk, if I may, prong two, we presume prejudice. The existence of the error presumes prejudice. There must be automatic reversal. If this was an automatic reversal type error, then Childs, Kleiner, McDonald, as well as McLaurin would all come out differently. All of those cases say that there's not a presumption of prejudice, that an ex parte communication can be cured by the giving of the proper answer. And so we know that if the answer is subsequently correct, continue deliberating is the right answer, there is not this presumption of prejudice. And that is another reason why you can't have prong two here. If I can circle back to prong one for a moment, because the defendant, of course, can demonstrate prejudice either under prong one or prong two. Here the evidence is not closely balanced. The evidence, in fact, is overwhelming. And the concern in prong one is the conviction of an innocent person, whether the error contributed to the conviction of an innocent person. The defendant was charged with criminal sexual abuse. He is 17. She is 14. There is no dispute about the ages. And more importantly, or secondly, he confessed to the police that he, in fact, engaged in sexual intercourse with the victim. The victim testified in closing arguments. The defendant's counsel said that they had sex. Now the defendant makes argument in his brief about the issue about how there was a mistrial and the fact that there was a note. We think that it is best determined by the fact that there is an appeal here to the sympathies of the prejudices of the jury in terms of the question of whether this should have been a crime or not. But this Court has upheld that it is absolutely a crime when a person has sex under age with an individual. And so we think that the evidence here is not even closely balanced, but, in fact, it is overwhelming. There is no dispute about the fact that they engaged in sex when he was 17 and she was 14. Unless Your Honors have any additional questions, we'd ask you to reverse the judgment of the Third District. Thank you. Counsel, you may proceed. Good morning, Your Honors. May it please the Court, my name is Melissa May and I represent the appellee in this case. A couple of issues that were raised in the State's argument need to be addressed from the beginning. One comment that the appellate counsel made was that the defendant is arguing harmless error in this case. The defendant is not arguing harmless error. The focus of the State's argument primarily seems to be on counsel's failure to object, which simply triggered the plain error analysis. So once the plain error analysis is triggered, then it is incumbent upon this Court to review this case under a plain error standard. One of the interesting points about the State's argument seems to be that they never actually addressed the second prong of plain error. While simply making a blanket statement that there was no problem with the substantive rights of the defendant, they never actually addressed the fact that the defendant's substantive rights were violated in this case. Ms. May? Yes. The appellate court didn't have the benefit of McLaurin, right? Correct. And why doesn't McLaurin control the outcome of this case? The fundamental difference between McLaurin and this case is the fact that in McLaurin, defense counsel was present and defense counsel had an opportunity to communicate with the trial court regarding its response to the jury when they had a deliberating question. Doesn't McLaurin specifically note that in both Childs and People v. McDonald, counsel was not present when the court considered the jury's notes? Nevertheless, even in noting those cases, both cases held the defendant is not entitled to a new trial as a result of the errors unless he suffered actual prejudice. That's true, but those were handled under a plain error analysis. And under this case, we've shown that this is handled under the second prong of the plain error analysis, not the harmless error analysis. Wasn't that same opportunity afforded in McLaurin? No, it was not. I don't believe it was. In McLaurin, defense counsel was present, and defense counsel failed to object. And in our case, defense counsel wasn't present. Neither was the defendant. Neither was the state's attorney when the ex parte communication took place. But I point out that they do cite other cases where defense counsel wasn't. And McLaurin then concluded that defendant can't meet his burden in this kind of case where the decision to inform the jury to keep deliberating is within the sound discretion of the trial judge. Well, that doesn't address the fact that the defendant's substantial rights were violated, though, because the violation occurred by the ex parte communication outside the presence of counsel, not the substance of the trial judge's response to the jury. But tell me specifically, though, how ‑‑ I understand what your argument is, but how do you distinguish McLaurin? I mean, I don't think it's good enough to say defense counsel wasn't present when McLaurin cites cases where defense counsel wasn't present to come to the resolution that they came to. So what other distinguishing feature is there? Are you just saying you're eliciting a different argument that wasn't raised in McLaurin, that if McLaurin had had the benefit of your argument, McLaurin would have been decided differently, or is McLaurin a different case? I think McLaurin is a different case, because there were two very different issues in McLaurin that don't really apply in our case. The first, of course, is the fact that counsel was present. The second issue had to do with the ex parte communication between the bailiff and the jury itself. And in McLaurin, in oral argument, the state actually conceded the fact that if McLaurin had had the situation which we have here, in which defense counsel was not present, that would have constituted a structural error and the analysis would have been different. Because it was the deprivation of defendant's right to counsel that is actually a structural error in our case. So you say we never get to the point of whether what the court instructed was correct or not, or whether it was proper. No, I don't think we have to address that. Because the error occurred prior to the instruction being given. It was the fact that the communication took place outside the presence of the defendant as well as outside the presence of counsel. So there's nothing to suggest that you would have, or counsel, whoever tried this case, would have had some different approach to what the trial court should instruct or should, and you agree that it's a discretionary call with the trial court whether to instruct them or not. Precisely. It would have been within the trial court's discretion to have made a ruling after the trial court had received input from counsel regarding what that response to the jury question could have been. The fact is that the state argues quite blindly that the jury, the judge's response to the jury would have been continue deliberating, even if they had had the benefit of response from counsel. We don't know what counsel would have done if they had had the opportunity to interact with the court. They could have asked for a prim instruction. They could have asked for another mistrial. They could have asked that the jury be dismissed to go home and reconvene the next day. And there's no guarantee that had counsel been present, the judge's response would have been continue deliberating, particularly in light of the note that was given to the court, which was basically 11 to 1, please help advise. This indicates that there may have been some jury confusion, and the judge would have had an obligation or opportunity to have clarified exactly what it was that the jury had a question about. This was never done. And all of these things could have been resolved had counsel been given the opportunity to confer with the court. It's kind of a basic premise of trial court level that once a jury question comes in, the process is bring the parties in, ask for their contribution to how to respond to the jury question, and only after that occurs is it the judge's discretion in how to respond. Ms. May, is it without consequence that May talks about the Childs and McDonald case in which defense counsel was not present as well as defendant? I mean, is there anything about the fact that they would, that McLaurin would cite the cases that are more similar to this case, at least, where defense counsel and defendant were not present in coming up with the holding that occurred in McLaurin? Is there any consequence to that? Well, I think the primary distinction in those cases is the fact that, first of all, in Childs they found error, and second of all, it is, it was conducted under a harmless error analysis, because defense counsel in Childs, as soon as he was made aware of what occurred, he did object, and therefore the analysis is conducted under a harmless error. The fact is, in this case, we do have the higher burden, and it's on the defendant, but in this case the defendant also can meet that higher burden simply because he was not available and neither was his counsel at the time the ex parte communication took place. And the third district properly found not only that prejudice was presumed, but that prejudice was actually found. Right. But in those cases, as you correctly point out, there was no finding of harmless, there was harmless error found in which the state would have the burden. In this case, there's a higher burden. I mean, how does that distinguish Childs and McDonald from this case? I mean, you admit that this is a plain error case. Yes, this is a plain error case. We don't argue harmless error in this case. As directed by this court, the third district reconsidered. Well, let me put the question a different way. How are Childs and McDonald factually distinguishable from this case? That I'm not 100 percent certain on how to make that distinction except for the fact that I see where I'm getting at. I mean, McLaurin where McLaurin talks about cases such as this where defense counsel wasn't present and then comes up and says that it's plain error isn't met, right? Correct. Well, they say harmless error isn't met. Harmless error isn't met, which is the lower burden. So I'm trying to see how would we have to overrule McLaurin to rule in your favor in this case? No, you would not have to overrule McLaurin because McLaurin has the distinguished factor of the fact that defense counsel was present, chose not to contribute to the conversation with the court. So to answer the question that Justice Burke had about whether the reconciliation of the cases is possible, I think the reconciliation of these cases, these lines of cases with the Childs case, the McLaurin case and the Johnson case underlying in the third district is possible because the distinguishing factor is whether it's decided under a harmless error or a plain error analysis. And again, as I stated in my brief and as I stated earlier, the state in its argument concedes that error occurred. It concedes that this needs to be evaluated under the plain error analysis. But it never addresses the fact that two of the defendant's substantive rights were violated here. Not only was his right to presence violated, but his right to counsel was violated as well. And it's interesting in this case that one of the things that happened in this case is the fact that defense counsel was made aware of the trial court's communication with the jury after the jury had been dismissed. The verdict had been entered. The jury had been dismissed and left the room. And then the trial court came back and said basically, oh, by the way, we have this jury question. And the state seems to focus predominantly on the fact that at that point in time, defense counsel didn't object. But at that point in time, defense counsel's objection would not have been able to have encompassed all of the possible things that counsel could have done had he been aware of the ex parte communication beforehand. In other words, at that point in time, defense counsel was foreclosed from contributing to the court as far as what kind of All he could have done at that point in time was either move for a new trial or ask for a judgment notwithstanding the verdict. So it is your position that we do not get to or it's not necessary that you show actual prejudice. It's my position that you don't have to show actual prejudice because under the second prong, if a substantial right is implicated and the right to counsel constitutes a substantive right, if that is implicated, then prejudice is presumed. But even if this court makes the determination that it does have to show, the defendant would then have to prove prejudice despite the fact that it's presumed, then this defendant can show that he was prejudiced because there's no way to know that the jury would have come back with the same verdict had this ex parte communication not taken place. So if the justices have no further questions, that will conclude my argument. And we ask that this court affirm the third district's decision in People v. Johnson. Thank you very much. To rule in the defendant's favor in this case, you would have to overrule People v. Childs, People v. Kleiner, People v. McDonald, and People v. McLaurin. All of those cases say that you must analyze whether the defendant was prejudiced. There is no presumption of prejudice in this area. The existence of ex parte communication by itself is not reversible error. Instead, you must determine whether the judge's instruction was substantially correct, and if it was substantially correct, then the defendant is not prejudiced. Under Childs, Kleiner, and McDonald, those are harmless error cases because the error was broadly presumed. Under McLaurin, it is a plain error case. But the defendant is incorrect when she says that there is a presumption of prejudice by the existence of the ex parte communication. If the court presumes ex parte communication, then Childs, McDonald, Kleiner, and McLaurin are all incorrect. Getting to the point of structural, there's discussion about structural, and I perhaps misspoke. This is, there's no structural error in this case. There's no presumption of error in this case. The defendant at all times had counsel. To have a structural error, there must be complete denial of counsel, such as the Gideon v. Wainwright situation or denial of counsel choice. Gonzalez Lopez, at all times, he had the presence of counsel. The issue is whether counsel was present when the ex parte communication occurred. And in that situation, again, we get back to the Childs line of cases, which say that you must determine whether prejudice has occurred. So the question of ex parte communication by itself is not sufficient to create per se prejudice. There is no per se prejudice here, and that's the Childs line of cases. Justice Thomas, to a question that you asked, Childs is exactly on point in terms of the fact that there was both the absence of counsel and defendant when the ex parte communication occurred. In Childs, the state's attorney and the trial court were having a meal together during jury deliberations. There was a phone call to the judge. The judge answered the question without ever consulting with the defendant and the defense counsel. In that case, it was reversed, because this court held that the judge's answer was not substantively correct. And also in that case, the defendant preserved the objection through a timely objection. And so in Childs, ultimately there was a reversal under the substantive component, because the court held that the state could not demonstrate that the defendant was not prejudiced, could not prove the harmless error component, because the answer was not substantively correct. In the case of Childs and Childs working into McLaurin, Childs is exactly on point with this case in terms of the fact of in Childs, Kleiner, McDonald, McLaurin, they all use the same standard of determining whether the answer is substantially correct or not. They all are factually a little bit different. In Childs, both defense counsel and defendant were absent. In McDonald, it was defense counsel was present, but the defendant actually was representing himself, and defense counsel was a standby. And then you have McLaurin, where defendant was absent, but the counsel was present. So there's this question of the factual difference of defendant versus defense counsel are both absent. That's not the factual distinguishment here. The cases all use the same standard of looking to the substantive answer of the case. Here, getting to the defendant's argument also about we are not doing a prong-to analysis, we disagree. We strongly disagree. We did a prong-to analysis here. Our point is that this is not a type of error where one can presume prejudice, as I just went through a minute ago. This is a type of error where prejudice must be determined based on the substance of the answer. Because it is a type of error where you must look at the substance of the answer, you know by definition it cannot be a prong-to type error, because prong-to type errors are errors where you presume prejudice, regardless of what occurs. The defendant says, well, I don't know what could have happened. She sort of says, well, I could have given input, maybe we could have had something else happen. The reality is, in all appellate review, you traditionally look at what did happen. Did the defendant get what was entitled to him? The defendant is entitled to a properly instructed jury, a jury that had his questions answered. The defendant received a jury that had continued deliberating and responded to him. The defendant in this case is saying, well, I could have given input. That by itself means that I lost the right and I should have a reversal here. But again, Childs, Kleiner, McDonald, McLaurin, all say that that is not sufficient by itself. If your honors hold that the inability to give input by itself, even when the judge gives the right answer, means reversible error, then those cases, all four of those cases, are in conflict and would need to be overruled. Unless your honors have any additional questions, we would ask that you reverse the judgment of the third district and reinstate the defendant's conviction. Thank you. Case number 108-253 will be taken under a